UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIDGETT GONTA,

    Plaintiff,

v.                                  Case No. 5:20-cv-13-TKW/MJF

GRAY TELEVISION, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Since Plaintiff Bridgett Gonta ("Gonta") commenced this case nearly nineteen months ago, she filed an initial complaint and four amended complaints. All of Gonta's complaints have in some respect violated the Federal Rules of Civil Procedure. The undersigned afforded Gonta three opportunities to correct the various deficiencies and provided Gonta with detailed instructions to assist her in doing so. Nevertheless, Gonta's fourth amended complaint fails to comply with Rule 8(a)(2) and Rule 10(b) of the Federal Rules of Civil Procedure. Plaintiff also repeatedly refused to comply with this court's orders to correct the various deficiencies. For these reasons, the undersigned recommends that the District Court dismiss this action.

## I. BACKGROUND

On February 13, 2018, the Bay County Sheriff's Office arrested Gonta for prostitution. (Doc. 15 at 9). The following day, Defendant Gray Television "ran a news story on [its] websites" regarding the arrest. (*Id.*). On February 26, 2018, Gonta contacted Gray Television three times regarding "a correction request." (*Id.*). Each request purportedly was ignored. (*Id.*). On April 3, 2018, Gonta's case "was dismissed and she was not convicted." (Doc. 15 at 9). On December 30, 2019, Gonta mailed a "letter of intent" to Gray Television's attorney of record, presumably requesting an "apology, correction, or retraction." (*Id.*) However, attorney Charles D. Tobin responded to Gonta's letter stating that Gray Television would "not issue an apology, correction, or retraction." (*Id.*). Gonta contends that Defendant Gray Television's failure to provide Gonta "a retraction, correction, or apology" slandered Gonta. (*Id.*).

On January 9, 2020, Gonta, proceeding *pro se*, commenced this action. (Doc. 1). Gonta's complaint named only two Defendants: Gray Television and WJHG News. (*Id.*). Gonta alleged claims of defamation, slander, libel, and "discrimination" against Defendants. (*Id.* at 9-10).

On February 10, 2020, Gonta filed her first amended complaint against Gray Television and WJHG News. (Doc. 4). Gonta alleged that Defendants violated 42 U.S.C. § 1981 and 42 U.S.C. § 1983 by discriminating against her based on her race

and sex. (*Id.* at 10). Additionally, Gonta alleged claims of defamation, libel, and slander.

On June 4, 2020, the undersigned notified Gonta that her first amended complaint failed to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Florida.[1] (Doc. 7). Specifically, the undersigned explained to Gonta that her first amended complaint was a so-called "shotgun pleading" because it: (1) did not separate each cause of action or claim for relief into a different count, (2) contained multiple counts where each count adopted the allegations of all preceding counts, and (3) asserted multiple claims against multiple defendants without specifying which of the defendants were responsible for which acts or omissions. (*Id.* at 3-5). Accordingly, the undersigned provided Gonta an opportunity to file a second amended complaint and warned her that failure to comply with the directions set forth in the order likely would result in dismissal of this action. (Doc. 7 at 8).

On June 26, 2020, Gonta filed her second amended complaint against Gray Television and "unknown staff" of Gray Television. (Doc. 8 at 3). Gonta asserted that she brought this action pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Fifth and Fourteenth Amendments of the United States Constitution. (*Id.* at 8). The undersigned notified Gonta that her second amended complaint again failed to comply with the Federal Rules of Civil Procedure and was a so-called "shotgun pleading." (Doc. 10). The undersigned provided Gonta another opportunity to correct these deficiencies and provided detailed instructions to assist Gonta in complying with the Federal Rules of Civil Procedure. (*Id.* at 4-5).The undersigned warned Gonta that failure to comply with the undersigned's order likely would result in dismissal of this action. (*Id*. at 11).

On November 25, 2020, Gonta filed her third amended complaint. (Doc. 11). It too, failed to comply with the Federal Rules of Civil Procedure.  In an order, the undersigned again explained to Gonta that her third amended complaint was a so-called "shotgun pleading" because it: (1) did not separate each cause of action or claim for relief into a different count, and (2) contained multiple counts where each count adopted the allegations of all preceding counts. (Doc. 12). The undersigned warned Gonta that "[t]his court has repeatedly instructed Plaintiff as to the requirements of the Federal Rules of Civil Procedure regarding complaints, but Plaintiff has failed to follow the court's instructions. This court will provide Plaintiff with **one <u>final</u> opportunity** to file a fourth amended complaint which complies with the Federal Rules." (*Id.* at 1). Additionally, the undersigned warned Gonta that her "failure to comply with this order likely will result in dismissal of this action for

failure to comply with an order of this court, failure to prosecute, and failure to comply with the Federal Rules of Civil Procedure." (*Id.* at 7).

On May 13, 2021, Gonta filed her fourth amended complaint which is the operative complaint. (Doc. 15). In Count One of her fourth amended complaint, Gonta asserts at least three independent claims, including: (1) libel, (2) violations of the Fifth Amendment of the United States Constitution, and (3) violations of the Freedom of Information Act. (*Id.* at 9-10). Gonta labeled Count Two of her fourth amended complaint "Discrimination." It realleges all of the preceding paragraphs, including those of Count One. It, therefore, asserts at least four separate causes of action. (*Id.* at 10).

## II. Discussion

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, a civil complaint filed in federal court must contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly" so the opposing party and the court can discern the nature of the plaintiff's claims. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)

(quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Additionally, compliance with these rules allows the court to "determine 'which facts support which claims,' [and] 'whether the plaintiff has stated any claims upon which relief can be granted.'" *Id.* (quoting *Weiland*, 792 F.3d at 1320).

"A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Id.* (citing *Weiland*, 792 F.3d at 1320). The Eleventh Circuit has identified four categories of impermissible shotgun pleadings. *Weiland*, 792 F.3d at 1321. One form of a shotgun pleading "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322-23. Another form of shotgun pleading contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1322.

Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Barmapov*, 986 F.3d at 1324 (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). As the Eleventh Circuit has stated, it "is not the proper function of courts in this Circuit to parse out such incomprehensible allegations." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352,

1358 (11th Cir. 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018)).

When a district court receives a "shotgun" pleading, it must *sua sponte* give a plaintiff "one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc.*, 878 F.3d at 1296; *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019). "In these cases, even if the parties do not request it, the district court 'should strike the complaint and instruct counsel to replead the case.'" *Vibe Micro, Inc.*, 878 F.3d at 1295 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001)); *Estate of Bass*, 947 F.3d at 1358. If the party squanders its opportunity by filing another shotgun pleading, the district court nevertheless can dismiss the complaint. *Barmapov*, 986 F.3d at 1326; *Vibe Micro, Inc.*, 878 F.3d at 1295.

A.   **<u>Gonta's Violations of the Federal Rules of Civil Procedure</u>**

In violation of the Federal Rules of Civil Procedure, Gonta did not separate each claim or cause of action into a separate count. The undersigned repeatedly instructed her to separate each claim or cause of action into a separate count. (Docs. 7, 10, 12). Despite the undersigned's instructions, in Count One of her fourth amended complaint, Gonta asserts at least three claims: libel, a violation of the Fifth Amendment, and a FOIA claim. (Doc. 15 at 9-10). Likewise, in Count Two of her fourth amended complaint, Gonta asserts—by impermissibly incorporating all

preceding paragraphs of her fourth amended complaint—at least four claims: libel, a violation of the Fifth Amendment, a FOIA claim, and a claim of "discrimination" in violation of pursuant to 42 U.S.C. § 1981. (Doc. 15 at 10). This clearly violates Rule 10(b) of the Federal Rules of Civil Procedure. It also violates Rule 8(a)(2) insofar as her fourth amended complaint does not contain a short and plain statement of Gonta's claims showing that Gonta is entitled to relief.

Because Gonta's fourth amended complaint violates Rule 8(a)(2) and Rule 10(b), the District Court should dismiss Gonta's federal claims with prejudice and dismiss Gonta's libel claim—brought pursuant to Florida law—without prejudice. *See Vibe Micro, Inc.*, 878 F.3d at 1296-97 (noting that dismissal of state-law claims raised in a "shotgun" complaint should be without prejudice).

### B. Gonta Repeatedly Refused to Comply with The Undersigned's Orders

There is a second, independent basis to dismiss this civil action: Gonta repeatedly refused to comply with the undersigned's detailed orders to correct the deficiencies manifested by her amended complaints.

The undersigned thrice advised Gonta that her relevant complaints were impermissible "shotgun" pleadings. (Docs. 7, 10, 12). Additionally, the complaint form for the Northern District of Florida—which Gonta used—plainly instructs plaintiffs to separate each claim. (Doc. 15 at 4). Gonta contumaciously disobeyed the undersigned's detailed orders and the plain instructions of the complaint form.

The District Court, therefore, should also dismiss this civil action for Plaintiff's failure to comply with the undersigned's orders. *See Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."); *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's claims pursuant to the Fifth Amendment of the United States Constitution, the Freedom of Information Act, and 42 U.S.C. § 1981 be **DISMISSED** with prejudice.

2. Plaintiff's libel claim, brought pursuant to Florida law, be **DISMISSED** without prejudice.

3. The clerk of the court close the case file.

At Pensacola, Florida this 3rd day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**